139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo Lanuza MERCADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70686, Asc-lda-gnc.
 United States Court of Appeals, Ninth Circuit.
 Feb. 18, 1998.
 
 Petition for Review of a Decision of the Immigration and Naturalization Service Submitted February 12, 1998** San Francisco, California.
 Before SCHROEDER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arturo Lanuza Mercado ("Mercado") petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's order denying his application for asylum and for withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, as amended (the "Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 I.
 
 3
 We review the BIA's factual determinations, including its finding of whether an applicant has demonstrated a well-founded fear of persecution, under the substantial evidence standard. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478 (1992)).
 
 
 4
 We find no merit in Mercado's contention that the BIA erred in rejecting his claim that he was persecuted on account of a political opinion imputed to him by the New People's Army ("NPA"). First, the record is devoid of any indicium of suffering or harm that could possibly constitute "persecution" within the meaning of the Act. See Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (stating that persecution involves the infliction of suffering or harm and oppression).
 
 
 5
 Second, putting aside the absence of persecution, Mercado has failed to show that he was targeted by the NPA "on account of" a political opinion which it imputed to him. Mercado testified that the NPA never informed him of the reasons for its alleged threats. He further testified that he did not tell anyone of his activities as a secret informer for the Philippine military. This leaves Mercado's case indistinguishable from the position rejected by the Supreme Court in Elias-Zacarias, 502 U.S. at 483 (petitioner must provide some evidence of persecutor's motive in order to prove persecution on account of political opinion).
 
 
 6
 For similar reasons, we reject Mercado's contention that the BIA erred in finding that he did not have a well-founded fear of persecution should he return to the Philippines. Mercado has failed to demonstrate the objective element of a well-founded fear which requires him to show by "credible, direct and specific evidence in the record that persecution is a reasonable possibility." Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). Mercado's testimony that he speaks with his wife on a monthly basis and she informs him that the NPA still remains a threat in the Philippines does not show that "persecution is a reasonable possibility." Id. The BIA did not err in relying on State Department reports that the NPA has a significant presence in only two percent of the 42,000 townships. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (finding that State Department Country Reports provide the most appropriate and perhaps the best resource on political situations in foreign nations as well as the most up-to-date information). Accordingly, we conclude that substantial evidence supports the BIA's finding that Mercado has failed to establish that a reasonable person in his situation would fear persecution by the NPA if he were to return to the Philippines. See Aruta v. INS, 80 F.3d 1389, 1394 (9th Cir.1996).
 
 II.
 
 7
 Because Mercado failed to meet the lower standard for the granting asylum, we also affirm the BIA's denial of his request for withholding of deportation. See Ghaly, 58 F.3d at 1429.
 
 
 8
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3